IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL DENNIS, *individually and on behalf of all others similarly situated* <br> 1324 Locust St #1105 <br> Philadelphia, PA 19107 <br><br> Plaintiff, <br><br> v. <br><br> MAINLINE PRIVATE SECURITY, LLC <br> Four Penn Center, Suite 900 <br> 1600 John F. Kennedy Blvd. <br> Philadelphia, PA 19103 <br><br> Defendant. | CIVIL ACTION NO. _____ <br><br> **JURY TRIAL DEMANDED** |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff Michael Dennis ("Plaintiff") hereby brings this action against Defendant Mainline Private Security, LLC ("Defendant"), and alleges, upon personal belief as to his own acts, and upon information and belief as to the acts of others, as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this complaint contending that Defendant unlawfully failed to pay him and other similarly-situated Security Guards ("Class Plaintiffs") overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.100, *et seq.*

2. Plaintiff was an employee of Defendant employed in the position of Security Guard. Plaintiff and Class Plaintiffs regularly worked more than forty (40) hours per week, but were not properly compensated for their work in that Plaintiff and Class Plaintiffs were not paid an overtime premium at 1.5 times their regular rate of pay for each hour worked in excess of

forty (40) hours in a workweek. In this regard, Plaintiff contends that Defendant unlawfully misclassified him and Class Plaintiffs as independent contractors under the FLSA and PMWA, resulting in the failure to pay overtime compensation.

3. Plaintiff brings this action as a representative action under the FLSA and PMWA for monetary damages and penalties, to seek redress for Defendant's willful, unlawful, and improper conduct.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." See 29 U.S.C. § 216(b).

5. This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

6. This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as Plaintiff's FLSA claims.

7. Personal jurisdiction over Defendant exists in the Commonwealth of Pennsylvania as Defendant resides in and maintains a principal place of business within the Commonwealth of Pennsylvania in Philadelphia, and conducts business throughout the Commonwealth of Pennsylvania.

8. The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the parties reside in this judicial district, doing business therein, and the unlawful practices about which Plaintiff is complaining were committed in the Commonwealth of Pennsylvania and in this judicial district.

## PARTIES

9. Plaintiff Michael Dennis currently resides at 1324 Locust St #1105, Philadelphia, PA 19107.

10. Upon information and belief, Defendant Mainline Private Security, LLC, is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania, with an office address registered with the Pennsylvania Secretary of State at 1801 Buttonwood Street, Apt. 1413, Philadelphia, PA 19130, and a principal place of business at Four Penn Center, Suite 900, 1600 John F. Kennedy Blvd., Philadelphia, PA 19103.

11. Defendant is an "employer" and covered by the FLSA.

12. Upon information and belief, Defendant is a covered employer under the FLSA in that, during the course of Plaintiff's employment, it had an annual dollar volume of sales or business done of at least $500,000, and has multiple employees (including, but not limited to Plaintiff and Class Plaintiffs) who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.

13. Plaintiff and, upon information and belief, Class Plaintiffs was/were employees who were engaged in commerce and employed by Defendant during all times relevant hereto and, as such, were employees entitled to the FLSA's protections. See 29 U.S.C. 203(e).

14. At all times relevant hereto, Defendant acted or failed to act through its agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendant.

## FLSA COLLECTIVE ACTION ALLEGATIONS

15. Paragraphs 1 through 14 are hereby incorporated by reference as though the same were fully set forth at length herein.

16. This action is brought as a collective action to recover unpaid compensation and overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, and damages owed to Plaintiff and all similarly situated current and former employees of Defendant.

17. Pursuant to 29 U.S.C. § 216(b) of the FLSA, Plaintiff brings this action individually and on behalf of all other similarly situated persons presently or formerly employed by Defendant in the position of Security Guard, or in positions with substantially similar job duties, who worked for Defendant at any point in the past three (3) years who were paid on an hourly basis and denied overtime compensation at their regular rate of pay for all hours worked over forty (40) in a workweek ("Class Plaintiffs").  Plaintiff contends that he and Class Plaintiffs were denied overtime compensation due to Defendant's policy and practice of misclassifying its Security Guards as independent contractors under the FLSA.

18. Plaintiff estimates that there are in excess of eighty (80) other similarly situated Security Guards who either are working or worked for Defendant in the Commonwealth of Pennsylvania and were unlawfully denied overtime compensation at 1.5 times their "regular rate" of pay for hours worked in excess of forty (40) in a workweek as a result of the unlawful practices described above.  The precise number of employees can easily be ascertained by Defendant.  These employees can be identified and located using Defendant's payroll and/or personnel records.  Class Plaintiffs may be informed of the pendency of this Collective Action by direct mail and/or publication.

19. Pursuant to 29 U.S.C. § 216(b), this action is properly maintained as a collective action because the Class Plaintiffs are similarly-situated.  Plaintiff and Class Plaintiffs were similarly denied overtime compensation at their regular rate of pay as a result of Defendant's misclassification of them as independent contractors, had the same or similar job classifications

and job duties, and were subject to the same uniform policies, business practices, payroll practices, and operating procedures. Further, Defendant's willful policies and practices, which are discussed more fully in this Collective and Class Action Complaint, whereby Defendant has failed to pay Class Plaintiffs an overtime premium based on 1.5 times their "regular rate" for all hours worked over forty (40) hours in a workweek, have impacted Class Plaintiffs in the same fashion.

20. Plaintiff will request the Court to authorize notice to all current and former similarly-situated employees employed by Defendant, informing them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid compensation, overtime compensation, and liquidated damages under the FLSA.

## CLASS ACTION ALLEGATIONS

21. Paragraphs 1 through 20 are hereby incorporated by reference as though the same were fully set forth at length herein.

22. Plaintiff brings this action individually, and on behalf of the following statewide class of similarly situated individuals, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All persons presently or formerly employed by Defendant at any point during the past three (3) years in the position of Security Guard who were paid on an hourly basis and denied overtime compensation for work performed in excess of forty (40) hours in a workweek.

23. The members of the class are so numerous that joinder of all members is impractical. Class members may be informed of the pendency of this Class Action by direct mail.

24. Pursuant to Federal Rule of Civil Procedure 23(a)(2), there are question of law and fact common to the Class, including, but not limited to:

    a.  Whether Plaintiff and the Class are entitled to overtime compensation for services rendered in excess of forty (40) hours per week under the PMWA;

    b.  Whether Defendant improperly classified Plaintiff and the Class as independent contractors rather than employees under the PMWA;

    c.  Whether Defendant failed to accurately track and maintain records of the hours worked by Plaintiff and the Class;

    d.  Whether Plaintiff and the Class worked in excess of forty (40) hours per week; and

    e.  Whether Plaintiff and the Class have suffered and are entitled to damages, and if so, in what amount.

  25.  Plaintiff's claims are typical of the claims of the Class Members. Plaintiff was an employee of Defendant employed in the position of Security Guard who has suffered similar injuries as those suffered by the Class members as a result of Defendant's failure to pay wages and overtime compensation. Defendant's conduct of violating the PMWA has affected Plaintiff and the Class in the exact same way.

  26.  Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff is similarly situated to the Class and has no conflict with the Class members.

  27.  Plaintiff is committed to pursuing this action and has retained competent counsel experienced in class action litigation.

  28.  Pursuant to Rules 23(b)(1), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure, this action is properly maintained as a class action because:

      A.      The prosecution of separate actions by or against individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class that would establish incompatible standards of conduct for Defendant;

      B.      Defendant, by failing to pay overtime compensation in violation of the PMWA, has acted or refused to act on grounds generally applicable to the Class, thereby making equitable relief appropriate with respect to the Class as a whole; and

      C.      The common questions of law and fact set forth above applicable to the Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of this case, especially with respect to considerations of consistency, economy, efficiency, fairness and equity, as compared to other available methods for the fair and efficient adjudication of the controversy.

29.      A class action is also superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impractical. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually. Additionally, as the damages suffered by each Class member may be relatively small, the expenses and burden of individual litigation would make it difficult for the Class members to bring individual claims. The presentation of separate actions by individual Class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of each member of the Class to protect his or her interests.

## FACTUAL BACKGROUND

30. Paragraphs 1 through 29 are hereby incorporated by reference as though the same were fully set forth at length herein.

31. Plaintiff first began his employment with Defendant in October 2018, when he was hired as a Security Guard.

32. With the exception of brief interludes during which work was unavailable or when Plaintiff had temporarily relocated outside of Pennsylvania, Plaintiff maintained an employment relationship with Defendant as a Security Guard until his most recent assignment ended on or around May 8, 2022.

33. Upon information and belief, Defendant employs or has employed in excess of eighty (80) Security Guards during the past three (3) years.

34. In his capacity as Security Guard, Plaintiff's primary job duty involved the performance of security and protection services for Defendant's commercial clients, such as hotels, nightclubs, and other entertainment venues within the City of Philadelphia.

35. In this regard, Defendant would assign Plaintiff and Class Plaintiffs to work at locations operated by its customers.

36. These job assignments were of variable duration, with some placements lasting six (6) months to a year and others lasting just for a week, holiday, or single occasion.

37. In each instance, Defendant would set the hourly rate which Plaintiff and, upon information and belief, Class Plaintiffs, would receive for the job in question, which would be paid to Plaintiff and Class Plaintiffs by Defendant directly (as opposed to by the customer).

38. Plaintiff and, upon information and belief, Class Plaintiffs were not permitted to negotiate with Defendant's customers regarding their compensation and/or work schedule.

39. Instead, Plaintiff and Defendant's other Security Guards were required to bring any issues regarding pay, working conditions, and/or schedule to Defendant, which maintained control over the terms and conditions of their employment.

40. Plaintiff and, upon information and belief, Class Plaintiffs were compensated by Defendant on an hourly basis.

41. Plaintiff and, upon information and belief, Class Plaintiffs were not paid overtime compensation for any hours they worked over forty (40) in a workweek due to their misclassification by Defendant as independent contractors.

42. Instead, Plaintiff and, upon information and belief, Class Plaintiffs received only straight-time compensation – i.e. their regular hourly rate – for any overtime hours they worked.

43. Plaintiff and Class Plaintiffs were misclassified by Defendant as independent contractors and were, in actuality, non-exempt employees of Defendant within the meaning of the FLSA and PMWA.

44. Defendant maintains/maintained significant control over the manner by which Plaintiff and Class Plaintiffs performed/perform their duties as Security Guards.

45. In this regard, Plaintiff and, upon information and belief, Class Plaintiffs are/were assigned a work schedule by Defendant, who instructed Plaintiff and Class Plaintiffs when to arrive at their jobsites and controlled when they could leave for the day.

46. Plaintiff and, upon information and belief, Class Plaintiffs could not set their own schedule and were generally not permitted to call off work if sick or for family emergencies.

47. Indeed, on the occasions when Plaintiff requested time off from Defendant, management would threaten to penalize him by removing him from the schedule and refuse to assign him other placements.

48. Plaintiff and, upon information and belief, Class Plaintiffs, were not permitted to outsource their work or employ helpers, nor were they even allowed to have someone cover their shift if they could not make it into work.

49. Despite classifying Plaintiff and Class Plaintiffs as "independent contractors," Defendant actively discouraged its Security Guards from working for any competitors or for holding any other employment, on the grounds that they needed to be available for placement by Defendant at any time.

50. Upon information and belief, Defendant also maintains a policy of prohibiting its Security Guards from working directly for a customer within the fist six (6) months of when they stop working for Defendant.

51. Defendant did not/does not require any particular skills, training, or experience of its Security Guards, apart from the ability to pass a standard background check.

52. The security services performed by Plaintiff and Class Plaintiffs were and are an integral part of Defendant's security services business.

53. Defendant provided Plaintiff and Class Plaintiffs with Main Line Private Security uniforms, which they were required to wear while on their job assignments.

54. As evidenced by, among other things, Plaintiff's several years of employment with Defendant, Defendant's Security Guards generally do not work for Defendant for only one project, but rather for an open-ended and long-term period of time.

55. On July 22, 2022, the Pennsylvania Department of Labor & Industry, Office of Unemployment Compensation Benefits determined that Plaintiff had been an employee of Defendant, rather than an independent contractor.

56. During a typical, average workweek, Plaintiff generally worked approximately fifty-five (55) hours, although Plaintiff worked as many as seventy (70) hours per week not infrequently.

57. For example, during the two (2) week pay period from November 29, 2021 to December 12, 2021, Plaintiff worked 130.12 hours, for a total of <u>at least</u> 50.12 hours of overtime.

58. Despite thus working approximately fifty (50) hours of overtime during the aforementioned workweek, Plaintiff received no overtime compensation. Instead, Plaintiff received only his regular hourly rate of $15.00.

59. Upon information and belief, Class Plaintiffs generally also worked significantly in excess of forty (40) hours per week, but did not receive overtime compensation as a result of Defendant's misclassification of them as independent contractors.

60. Plaintiff and Class Plaintiffs are/were paid on a hourly basis, and, as such, do not qualify for the exemptions for executive, administrative, or professional employees under the FLSA/PMWA.

61. Plaintiff and Class Plaintiffs do not have the authority to hire, fire, or discipline other employees of Defendant, nor do they make recommendations with respect to employee status changes to which Defendant gives substantial weight.

62. Accordingly, Plaintiff and Class Plaintiffs do not qualify for the exemption for executive employees under the FLSA/PMWA.

63. Plaintiff and Class Plaintiffs do not perform non-manual office work directly related to Defendant's management or general business operations, nor do they exercise discretion or independent judgment regarding matters of significance to Defendant.

64. Accordingly, Plaintiff and Class Plaintiffs are/were not exempt from overtime compensation pursuant to the exemption for administrative employees under the FLSA/PMWA.

65. Plaintiff's and Class Plaintiffs' primary duty does not include the performance of work predominately intellectual in nature requiring advanced knowledge in a field of science or learning acquiring through a prolonged course of intellectual instruction.  In this regard, Plaintiff's and Class Plaintiffs' job duties do not require the consistent exercise of discretion and judgment, as distinguished from the performance of routine mental, manual, and mechanical work.  Rather, Plaintiff and Class Plaintiffs were required to perform their job responsibilities in accordance with specific guidelines, protocols, procedures, and trainings provided by Defendant.

66. Accordingly, Plaintiff and Class Plaintiffs are/were not exempt from overtime compensation pursuant to the exemption for learned professionals under the FLSA/PMWA.

67. Finally, there are/were no other exemptions under the FLSA and/or PMWA which could arguably be applicable to Plaintiff or Class Plaintiffs.

68. Plaintiff and Class Plaintiffs are/were, within the meaning of the FLSA and PMWA, non-exempt employees of Defendant and therefore entitled to overtime compensation for all hours they worked over forty (40) in a workweek.

69. As a result of Defendant's aforesaid illegal actions, Plaintiff and Class Plaintiffs have suffered damages.

**COUNT I**
**FAIR LABOR STANDARDS ACT**
**29 U.S.C § 201,** *et seq.*
**FAILURE TO PAY OVERTIME COMPENSATION**

70. Paragraphs 1 through 69 are hereby incorporated by reference as though the same were fully set forth at length herein.

71. Pursuant to Section 206(b) of the FLSA, employees must be compensated for every hour worked in a workweek.

72. Moreover, under Section 207(a)(1) of the FLSA, employees must be paid overtime equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

73. Defendant misclassified Plaintiff and Class Plaintiffs as independent contractors, rather than employees, within the meaning of the FLSA/PMWA, thus failing to pay them overtime compensation for all hours worked over forty (40) in a workweek.

74. The foregoing actions of Defendant and the policies and practices of Defendant violate the FLSA.

75. Defendant's actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

76. Defendant is liable to Plaintiff and Class Plaintiffs for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs, and expenses.

**WHEREFORE,** Plaintiff prays for the following relief on behalf of himself and Class Plaintiffs;

A. An Order from this Court permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B. An Order from the Court ordering Defendant to file with this Court and furnish to the undersigned counsel a list of all names and addresses of all persons presently or formerly employed by Defendant at any point during the past three (3) years in the position of Security Guard, and authorizing Plaintiff's counsel to issue a notice at the earliest possible time to these

individuals, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they worked for Defendant during the liability period, but were not paid overtime compensation at 1.5 times their regular rate of pay as required by the FLSA;

      C.     Adjudicating and declaring that Defendant's conduct as set forth herein and above is in violation of the FLSA;

      D.     Adjudicating and declaring that Defendant violated the FLSA by failing to pay overtime compensation to Plaintiff and Class Plaintiffs for work performed in excess of forty (40) hours per week;

      E.     Awarding Plaintiff and Class Plaintiffs back pay wages and/or overtime wages in an amount consistent with the FLSA;

      F.     Awarding Plaintiff and Class Plaintiffs liquidated damages in accordance with the FLSA;

      G.     Awarding Plaintiff reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

      H.     Awarding pre- and post-judgment interest and court costs as further allowed by law;

      I.     Granting Plaintiff and the Class Plaintiffs leave to add additional Plaintiffs by motion, the filing of written opt-in consent forms, or any other method approved by the Court; and

      J.     For all additional general and equitable relief to which Plaintiff and the Class Plaintiffs may be entitled.

## COUNT II
## PENNSYLVANIA MINIMUM WAGE ACT OF 1968

## 43 P.S. § 333, *et seq.*
## **FAILURE TO PAY OVERTIME COMPENSATION**

77. Paragraphs 1 through 76 are hereby incorporated by reference as though the same were fully set forth at length herein.

78. The Pennsylvania Minimum Wage Act provides that employers must pay certain "minimum wages," including overtime wages, to its employees. See 43 P.S. § 333.113.

79. The Pennsylvania Minimum Wage Act further provides that "employees shall be paid for overtime not less than one and one half times the employee's regular rate" for hours worked in excess of forty (40) hours in a workweek. See 43 P.S. § 333.113.

80. By its actions alleged above, Defendant has violated the provisions of the Pennsylvania Minimum Wage Act of 1968 by failing to properly pay overtime compensation to Plaintiff and Class Plaintiffs.

81. As a result of Defendant's unlawful acts, Plaintiff and Class Plaintiffs have been deprived of overtime compensation in amounts to be determined at trial, and are/were entitled to recovery of such amounts, together with interest, costs and attorney's fees pursuant to Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.113.

**WHEREFORE**, Plaintiff, on behalf of himself and the Class Plaintiffs, prays for judgment against Defendant as follows:

A. An Order certifying this case as a class action and designating Plaintiff as the representative of the Class and his counsel as class counsel;

B. An award to Plaintiff and Class Plaintiffs for the amount of unpaid overtime compensation to which they are/were entitled, including interest thereon, and penalties subject to proof;

    C.    An award to Plaintiff and Class Plaintiffs of reasonable attorney's fees and costs pursuant to the Pennsylvania Minimum Wage Act; and

    D.    An award to Plaintiff and Class Plaintiffs for any other damages available to them under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By: /s/ Michael Groh
    Michael Murphy, Esquire
    Michael Groh, Esquire
    Eight Penn Center, Suite 2000
    1628 John F. Kennedy Blvd.
    Philadelphia, PA 19103
    TEL: 267-273-1054
    FAX: 215-525-021
    murphy@phillyemploymentlawyer.com
    mgroh@phillyemploymentlawyer.com
    Attorneys for Plaintiff

Dated: August 22, 2022

**DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's and the Class Plaintiffs' employment, to their potential claims and their claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spread sheets, images, cache memory, payroll records, paystubs, time records, time sheets and any other information and/or data which may be relevant to any claim or defense in this litigation.